UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PHILLIP MICHAEL LITTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:11-CV-0217 WL |
| | ) | |
| LT. SHRINER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Phillip Littler, a prisoner currently housed at the Westville Control Unit, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that he was subjected to cruel and unusual punishment while he was confined at the Indiana State Prison ("ISP"). The Defendants are Correctional Lieutenant Shriner, the ISP Superintendent, and the ISP Internal Affairs Investigator.

According to his complaint, on December 3, 2010, while he was locked in his cell, Littler refused to obey repeated orders to return handcuffs to correctional officers. In an attempt to get Littler to give up the handcuffs, Lieutenant Shriner used a chemical agent on him and eventually shot him in the chest several times with a "less than lethal firearm" (DE 1 at 4). The Plaintiff also alleges that after correctional officers eventually retrieved the handcuffs from him Lieutenant Shriner ordered that he be taken to the Special Management Unit "SMU" where he was placed in an unheated cell and denied a shower to wash the chemicals off his body.

Pursuant to 28 U.S.C. § 1915A(a), a district court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6) of the Federal Rules of Civil Procedure. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quotation marks, ellipsis, citations, and footnote omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether a state actor has deprived the plaintiff of a right secured by the Constitution or laws of the United States. The Plaintiff's allegation that Lieutenant Shriner's "actions were

2

in violation of the Indiana Dept. Of Correction[']s policy regarding use of force" (DE 1 at 6) states no claim upon which relief can be granted.

Littler seeks damages and injunctive relief (DE 1 at 8). But his injunctive relief claims are moot because he is no longer housed at the ISP; he is now at the Westville Control Unit. If a prisoner is transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). Littler's transfer renders his requests for injunctive relief against ISP officials moot. *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990), *cert. denied* 501 U.S. 1208 (1991). Littler could return to the ISP at some point in the future, but the mere possibility that this might occur is insufficient. The standard to be applied here is whether he is "likely to be retransferred," and there is no reasonable basis to conclude that he is "likely to be retransferred" to the ISP.

Littler alleges that Lieutenant Shriner's use of force and other actions violated the Eighth and Fourteenth Amendments to the United States Constitution. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). The Fourteenth Amendment's due process clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Because Littler was a convicted felon at the time he was confined at the ISP, his claims arise under the Eighth Amendment.

3

Littler alleges that Lieutenant Shriner used excessive force against him. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

"The core requirement for" an excessive use of force "claim is that [the defendant] used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citing *Hudson v. McMillian*, 503 U.S. 1 at 7 (1992)); *see also Whitley v. Albers,* 475 U.S. 312 (1986) (Whether a security measure "inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm"). Several factors guide the inquiry of whether a defendant's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson v. Cooper*, 589 F.3d at 890 .

Littler admits that he refused repeated orders to return handcuffs to officers (DE 1 at 3-4). Had Littler complied with the order to give up the handcuffs, there would have been no need to use force. But his refusal to comply justified the use of at least some force because in the prison context, "orders given must be obeyed. Inmates cannot be permitted to decide which orders they will obey, and when they will obey them." *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984).

Littler asserts that Lieutenant Shriner should have called for a cell extraction team rather than use a chemical agent on him (DE 1 at 4). But the Constitution does not mandate that prison officials use physical force rather than chemical agents where an inmate locked in his cell refuses an order. *See Soto v. Dickey*, 744 F.2d at 271 (Use of chemical agent is not a *per se* violation of the Eighth Amendment, "whether an inmate is locked in his cell or not"). Nevertheless, even where use of a chemical agent is justified, its use must be reasonable. "[I]t is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain." *Id.* at 271.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a claim may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving the Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, his claim that Lieutenant Shriner sprayed him with a chemical agent in the face several times over a period of two hours, then shot him several times with wooden or rubber bullets at a range of two feet states a plausible excessive use of force claim against Lieutenant Shriner under the standards set forth in *Hudson v. McMillian* and *Whitley v. Albers*.

Littler also alleges that Lieutenant Shriner placed him in a cell without any heat or running water, and that although Lieutenant Shriner allowed Littler to briefly rinse out his eyes, he:

> refused to allow me a shower and had me placed in a cell with no running water and [a] shower restriction. As a result I suffered extreme agony from

5

> the burning, feeling as if I was on fire . . . I had to cover up to get out of the cold, but the cover generated heat that only aggravated the burning effects. Subsequently I could not sleep . . . I could hardly open my eyes for several days. I still have trouble seeing. My vision is blurry and I have to constantly close my eyes to relubricate them. I believe that the prolonged exposure to concentrated O.C. damaged my cornea.

DE 1 at 5.

Littler alleges that Lieutenant Shriner did not let him wash off the chemical agent after the handcuffs were retrieved, causing him pain and possibly permanent injury. Causing an inmate unnecessary pain constitutes cruel and unusual punishment. See *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Giving Littler the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that no relief could be granted against the Defendant Shriner under any set of facts that could be proved consistent with his claim that the Defendant's refusal to allow him to wash off the chemical agent before putting him in a cell with no running water, caused him unnecessary pain and injury.

Littler also alleges that Lieutenant Shriner placed him in a cold cell without adequate clothing. "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment," *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997), citing *Farmer v. Brennan*, 511 U.S. at 833-834, but prisoners are entitled to "the minimal civilized measure of life's necessities," including adequate shelter. For this reason, prisoners have a right to protection from extreme cold. *Dixon v. Godinez*, 114 F.3d 640 at 644. The United States Supreme Court has noted that:

> Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when

6

> they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets.

*Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Giving Littler the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that his claim that Lieutenant Shriner placed him in a cold cell without adequate clothing does not state a plausible claim.

Littler's complaint also names the ISP Superintendent as a defendant. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show a defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

Supervisory liability will be found only if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995).

> [S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable . . . The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir 1998).

The complaint does not allege that the MCF Superintendent had any personal knowledge of or involvement Lieutenant Shriner's actions. Accordingly, Littler states no individual capacity claim against him.

Littler also names the MCF Head Internal Affairs Investigator, but does not allege that the investigator had any direct personal involvement in Lieutenant Shriner's actions. To the extent Littler asserts that the Internal Affairs Investigator did not adequately investigate Lieutenant Shriner's behavior, he states no claim upon which relief can be granted. Failure to investigate a prisoner's complaints does not make an official liable for damages under § 1983. *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation") (citations omitted).

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Defendant Shriner for damages in his individual capacity on the Eighth Amendment claims that Defendant Shriner used excessive force on him, did not allow him to wash the chemical spray off his body, and placed him in a cold cell without sufficient clothing;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A, all other claims, and DISMISSES the Indiana State Prison Superintendent and Internal Affairs Investigator;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that Defendant Shriner

respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the Marshals Service to effect service of process on Defendant Shriner, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

SO ORDERED.

DATED: June 29, 2011

                                         s/William C. Lee
                                         William C. Lee, Judge
                                         United States District Court