UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILLIP LITTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 3:11-CV-217 |
| | ) |
| ROBERT A. SHRINER, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the motion for summary judgment filed by the defendant, Robert A. Shriner ("Shriner") on November 14, 2011 (docket at 17). Plaintiff Phillip Littler ("Littler") filed a response in opposition to the motion on December 22, 2011 (docket at 24). Shriner filed a reply brief on January 25, 2012 (docket at 31). For the reasons discussed below, the motion for summary judgment is DENIED.

**APPLICABLE STANDARDS OF REVIEW**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c)(2). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson,* 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)).

Also in this case, the Court must be mindful of the fact that Littler is proceeding *pro se*. In examining the evidence, the Court must draw every reasonable inference from the record in the light most favorable to the non-moving party. *Haefling v. United Parcel Serv., Inc.,* 169 F.3d 494, 497 (7th Cir. 1999); *Dey v. Colt Constr. & Dev. Co.,* 28 F.3d 1446, 1453 (7th Cir. 1994). In undertaking this analysis, *pro se* pleadings are "to be liberally construed ." *Erickson v. Pardus,* 551 U.S. 89 (2007) (citation and quotation omitted); *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001).

## DISCUSSION

Littler filed this action alleging that his Eighth Amendment rights were violated by defendant while Littler was incarcerated in the Indiana State Prison in Michigan City, Indiana. *See* Complaint, docket at 1. Specifically, Littler alleges that defendant used "pepper spray" to subdue Littler on December 3, 2010, while Littler was confined in a cell in the prison's disciplinary segregation unit. *Id.*, p. 3. Littler contends that this incident, during which Littler was allegedly sprayed repeatedly with "pepper spray," constituted cruel and unusual punishment and that he is entitled to damages as a result.

Shriner, an officer at the prison who was the person who allegedly sprayed Littler, filed the present motion for summary judgment arguing that the case should be dismissed since Littler failed to exhaust his administrative remedies prior to filing suit. Motion for Summary Judgment,

p. 1, ¶ 4.  This argument is the sole basis for the motion.  In his response, Littler claims that he did, in fact, file both an informal and a formal grievance with the prison administration but that his grievance was ignored.  He further claims that the prison has a pattern or practice of ignoring prisoner's grievances.  Complaint, p. 2.  In short, what exists here is a classic credibility issue, and summary judgment must be denied on that basis.

Shriner argues that, notwithstanding the fact that Littler is proceeding *pro se*, he is still entitled to summary judgment because Litter failed to present any evidence to support his claim that he filed a grievance about the incident that is the basis of this lawsuit.  Defendant's Reply, p. 1.  Shriner argues that Littler "has not even produced a copy of the grievance which he claims he submitted on or about January 1, 2011 . . ." *Id*., pp. 1-2.  Shriner presents an affidavit from Howard Morton, a Grievance Specialist at Indiana State Prison.  Motion for Summary Judgment, Exhibit 1.  Morton states that he reviewed the prison's records, which reveal "that Offender Littler filed no grievance related to these events.  Offender Littler filed his last grievance at [Indiana State Prison] on or about June 29, 2010, that grievance concerned his institutional clothing."  Motion for Summary Judgment, Exhibit 1, ¶ 16.

Littler, however, maintains in his response that he did file his grievance.  He says that "[o]n approximately 1/1/11 Plaintiff did submit a formal grievance through the [interdepartmental] mail system regarding the matters in question.  Plaintiff never did receive a response."  Plaintiff's Response, p. 2.

The stark difference between Littler's and Shriner's version of events concerning whether a formal grievance was filed raises a credibility issue.  It is, of course, black letter law that "'the district court cannot weigh credibility issues at the summary judgment stage.'"

*AutoZone, Inc. v. Strick*, 543 F.3d 923, 934 (7th Cir. 2008) (quoting *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 963 (7th Cir. 1992).  *See also, Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("As we have said many times, summary judgment cannot be used to resolve swearing contests between litigants.").  For this reason, summary judgment must be denied at this stage of this case.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by defendant Robert A. Shriner (docket at 17) is DENIED.

Date: April 25, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　  /s/   William C. Lee
　　　　　　　　　　　　　　　　　　　　　　　　William C. Lee, Judge
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　　　　　　　　　　　Northern District of Indiana